UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID D. MARTIN,

          Plaintiff,        Civil Action No. 16-10377
                                    Honorable Matthew F. Leitman
                                    Magistrate Judge David R. Grand
v.

AK STEEL CORPORATION and
UNITED AUTO WORKERS
INTERNATIONAL UNION,

          Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANT AK STEEL CORPORATION'S MOTION TO DISMISS [6]**

Before the Court is a Motion to Dismiss filed by Defendant AK Steel Corporation (the "Company" or "AK Steel") on February 24, 2016. (Doc. #6). *Pro se* Plaintiff David Martin ("Martin") filed a response to this motion on April 7, 2016 (Doc. #14), and AK Steel filed a reply on April 15, 2016 (Doc. #18).

An Order of Reference was entered on February 25, 2016, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. §636(b). (Doc. #8). The Court dispenses with oral argument pursuant to E.D. Mich. L.R. 7.1(f).

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that AK Steel's Motion to Dismiss [**6**] be **GRANTED**.

## II.    REPORT

### A.    Factual Background

On February 3, 2016, Martin filed this action under Section 301 of the Labor

Management Relations Act of 1947 ("LMRA"), asserting a breach of contract claim against his former employer, AK Steel, for its alleged wrongful termination of his employment, and a breach of the duty of fair representation claim against his union, Defendant the United Auto Workers International Union ("Union" or "UAW"). (Doc. #1). Martin's claims stem from his 2013 discharge, when the Company discovered that Martin and other hourly employees were engaged in a theft of time scheme whereby they would leave the facility in the middle of their shift, only to return minutes before their end of the shift to clock out (thereby receiving pay for working the entire shift). (*Id.* at 4-6). Martin disagreed with the Company's decision to terminate his employment and challenged his discharge under the grievance procedure contained in the applicable collective bargaining agreement ("CBA"). (*Id.* at 6).

In his complaint, Martin details the path of his grievance through a series of negotiations and discussions. (*Id.* at 6-7). Eventually, in July 2014, Martin's UAW representative, Reggie Ransom, notified Martin that the Union had settled his grievance via a letter agreement with the Company. (*Id.* at 7; Doc. #6-3[1]). Martin disagreed with the UAW's decision to settle his grievance and refused to return to work under the terms of the settlement. Instead, Martin appealed the UAW's decision not to push his grievance to arbitration through the UAW's internal appeal process. (Doc. #1 at 7).

Martin first appealed to the UAW's International Executive Board ("IEB"). (*Id.*). The

---

[1] Generally, in ruling on a motion to dismiss, a court will look only to the allegations in the complaint. But, when a complaint refers to documents outside the pleadings, and the contents of those documents are central to the plaintiff's claims, it is appropriate for the court to consider such documents in the context of a motion to dismiss. *See, e.g., Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007) ("[W]hen a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment."); *Young v. United Auto Workers*, 2015 WL 7733449, at *4 (E.D. Mich. Dec. 1, 2015) (such an approach is "especially relevant … where Plaintiffs provide no documents with their Complaint, yet reference a plethora of agreements and correspondence that are central to their claims").

IEB issued a decision on April 30, 2015, denying Martin's appeal. (*Id.*; Doc. #6-4). After receiving notification of the IEB's decision, Martin filed an additional appeal to the UAW's Public Review Board ("PRB"). On September 29, 2015, the PRB affirmed the decision of the IEB, denying Martin's appeal. (Doc. #1 at 7-8; Doc. #6-5). Several months later, on February 3, 2016, Martin filed the instant federal court lawsuit against the UAW and AK Steel.

### B.      The Applicable Legal Standard

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to

prevent a complaint from being dismissed on grounds that it fails to comport sufficiently with basic pleading requirements.  *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers.  *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).  Nonetheless, "[t]he leniency granted to pro se [litigants] ... is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints still must plead sufficient facts to show a redressable legal wrong has been committed."  *Baker v. Salvation Army*, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

**C.    Analysis**

In its motion, AK Steel argues that Martin's claim against it is barred by the six-month statute of limitations applicable to hybrid Section 301 claims, where the plaintiff alleges that his employer breached its obligations under the CBA.  (Doc. #7 at 9 (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151 (1983)).  Here, Martin's grievance was settled by letter agreement, dated July 7, 2014, between the UAW and the Company.  (Doc. #6-3).  The UAW notified Martin of the settlement on July 28, 2014.  (Doc. #6-4 at 6).  Thus, AK Steel argues that Martin "knew, or should have known, in July 2014 that he did not have further recourse against the Company" and was required to file his Section 301 claim against the Company no later than February 2015.  (Doc. #6 at 4).  However, it was not until February 3, 2016 – more than eighteen months after Martin was notified that his grievance was settled – that he instituted this federal

4

court action. Accordingly, AK Steel argues that Martin's claim is time-barred. (Doc. #7 at 9-10).

In arguing the timeliness of his federal court complaint, Martin asserts that he was unable to pursue any legal remedy until he exhausted his internal union appeal. (Doc. #1 at 4). In other words, Martin argues that the six-month statute of limitations should be tolled pending the outcome of his internal union appeal. The cases cited by AK Steel, however, are directly on point and establish that Martin's tolling argument is without merit.

In *Robinson v. Central Brass Mfg. Co.*, 987 F.2d 1235 (6th Cir. 1993), the plaintiff, Carol Robinson, was employed by Central Brass until she was discharged for excessive absenteeism. She filed a grievance contesting her discharge, but the union ultimately informed her that it had decided not to take her grievance to arbitration. The union had an internal appeal process to challenge such decisions, but there was nothing in the CBA indicating that this appeal process had any bearing on Robinson's rights with respect to her employer, Central Brass. Indeed, whatever the outcome of the internal union appeal, it could not reactivate Robinson's grievance, nor could it result in reinstatement or any other relief from Central Brass. Nevertheless, Robinson waited until after the completion of her internal union appeal to file her Section 301 claim against Central Brass.

Central Brass filed a motion for summary judgment, arguing that Robinson's Section 301 claim against it was barred by the applicable six-month statute of limitations. Like Martin in this case, Robinson argued that the limitations period for her claim against her employer did not begin to run until after she exhausted her internal union appeal. The district court disagreed. On appeal, the Sixth Circuit affirmed, holding that, "in order for the statute of limitations to be tolled, the internal union appeal must be able to afford the claimant *some* relief from the

[employer] defendant," and that such tolling is inappropriate when "a claimant pursues *completely* futile internal union remedies …." *Id.* at 1242 (emphasis in original). The court further stated:

> It is important to remember that following her discharge, Robinson sought relief in two private settlement processes. First, the Union filed a grievance on Robinson's behalf with Central Brass pursuant to the arbitration and grievance procedure set forth in the collective-bargaining agreement. This process could have provided Robinson with complete relief from Central Brass – reinstatement in her job. Thus, the limitations period was tolled until Central Brass denied the grievance and the Union did not request arbitration.
>
> Robinson then appealed the Union's decision not to request arbitration in the internal union appeals process. Central Brass was not a party to this internal appeal, had not sanctioned or acknowledged the internal appeals process, and was not bound by any ensuing judgment…. Thus, it should have been clear to Robinson that when the Union chose not to request arbitration, the *only* private dispute mechanism that could have provided her with relief from Central Brass was exhausted and the limitations period began to run.

*Id.* at 1243 (emphasis in original).

In *Lombard v. Chrome Craft Corp.*, 264 F. App'x 489 (6th Cir. 2008), the Sixth Circuit reiterated the rule set forth in *Robinson*. In *Lombard*, the plaintiff filed a grievance challenging his discharge, which the union settled on his behalf. When Lombard rejected the settlement, the union notified him that it would not pursue his grievance to arbitration. As a result, Lombard filed an internal union appeal, challenging the union's decision to withdraw his grievance. In *Lombard*, as is the case here, the employer's CBA was silent as to the effect of an internal union appeal on the reactivation of a grievance. *Id.* at 492. The *Lombard* court found that, "Once the union withdrew [the plaintiff's] grievance, 'the internal appeals process could not provide *any* relief from' [the employer], and that process accordingly did not toll the statute of limitations against the company." *Id.* (quoting *Robinson*, 987 F.2d at 1244). The *Lombard* court further noted that, "To the extent that [the plaintiff] was oblivious to the fact that the internal union

6

appeal could not give him relief from his employer, he had ample reason to know about it because a union member is responsible for knowing the contents of [his] collective bargaining agreement." *Id.* (internal quotations and citations omitted).

In light of this case law,[2] it is clear that Martin's Section 301 claim against AK Steel is time-barred. In this case, Martin's grievance challenging his discharge was fully and finally settled as of July 7, 2014. (Doc. #6-3). Martin was notified of this settlement separately by his Union and the Company[3] on July 28, 2014. (Doc. #6-5 at 5, 13). Thus, as of July 28, 2014, Martin knew or should have known that the Company and Union had "fully and finally settled" his grievance. In other words, as of that date, the only private dispute mechanism that could have provided Martin with relief against the Company (the grievance process) was fully exhausted.[4] In this case, as in *Robinson* and *Lombard*, Martin could not reactivate his grievance or obtain complete relief from the Company through the UAW's internal appeal process. Like the employers in those cases, the Company was not a party to Martin's internal union appeal, had

---

[2] Martin cites *Chapman v. UAW Local 1005*, 670 F.3d 677 (6th Cir. 2012), claiming that it is a "much more fitting and much more relevant precedent" than *Robinson*. (Doc. #14 at 5). In that case, the issue was whether the plaintiff was required to exhaust his internal union remedies – which he claimed were inadequate to either reactivate his grievance or award him full relief – prior to filing a Section 301 action. The *Chapman* court found that such exhaustion was required because, there, the internal union appeal procedures *were* adequate to reactivate the plaintiff's grievance against his employer. Thus, *Chapman* – where the issue was exhaustion, not tolling – is inapposite.

[3] The Company's letter to Martin specifically explained the finality of the grievance settlement, giving "unequivocal notice that his grievance was closed." (Doc. #6-5 at 13).

[4] Moreover, even if Martin mistakenly believed that his internal union appeal could have revived his grievance, the IEB clearly disabused him of this notion when it issued its decision denying his appeal on April 30, 2015. (Doc. #6-4). In that decision, the IEB specifically advised Martin that, "There is no reinstatement of grievance letter of understanding between the parties." (*Id.* at 14 (emphasis in original)). Thus, at the very latest, Martin knew or should have known as of April 2015 that his grievance had been fully and finally resolved; even giving Martin the benefit of this doubt, however, his complaint – filed in February 2016 – was still well outside the six-month limitations period.

7

not sanctioned or acknowledged the internal union appeal process, and was not bound by any decision made by the UAW.  Thus, once the UAW settled Martin's grievance with the Company, and refused to pursue it to arbitration, "the [subsequent] internal appeals process could not provide *any* relief from" the Company, and that process therefore did not toll the statute of limitations against the Company.  *Robinson*, 987 F.2d at 1244.  Accordingly, Martin's Section 301 claim against AK Steel is barred by the six-month statute of limitations, and AK Steel's motion to dismiss should be granted.

### III.   CONCLUSION

For all of the reasons set forth above, Martin's complaint fails to state a claim against AK Steel.  Therefore, **IT IS RECOMMENDED** that AK Steel's Motion to Dismiss **[6]** be **GRANTED**.

Dated: May 31, 2016                                   s/David R. Grand
Ann Arbor, Michigan                                  DAVID R. GRAND
                                                     United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1).  Failure to timely file objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829

F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 31, 2016.

                                               s/Eddrey O. Butts
                                               EDDREY O. BUTTS
                                               Case Manager