UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID D. MARTIN,

    Plaintiff,

v.

    Case No. 16-cv-10377
    Hon. Matthew F. Leitman

AK STEEL CORPORATION, *et al.*,

    Defendants.

_____/

**ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #21), (2) OVERRULING PLAINTIFF'S OBJECTION (ECF #22), (3) GRANTING DEFENDANT AK STEEL CORPORATION'S MOTION TO DISMISS (ECF #6), AND DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANT AK STEEL**

In this action, Plaintiff David Martin alleges that his former employer, Defendant AK Steel Corporation ("AK Steel"), and his union, the United Auto Workers International Union ("UAW") violated Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 1985 (hereinafter, "Section 301"). More specifically, he claims that (1) AK Steel wrongfully terminated his employment in violation of the controlling collective bargaining agreement with the UAW (the "CBA"), and (2) the UAW breached its duty of fair representation by pursuing his wrongful termination grievance against AK Steel in a "perfunctory fashion." (Compl. ECF #1. at 4-8, Pg. ID 4-8.)

1

Martin's claims against both AK Steel and the UAW arise out of his discharge in April 2013. (*See* Compl., ECF #1 at 4, Pg. ID 4.) After he was terminated, Martin filed a grievance against AK Steel under the grievance procedures outlined in the CBA. (*See id.* at 6-8, Pg. ID 6-8.)

The UAW settled the grievance with AK Steel on July 7, 2014 (instead of pursuing arbitration). (*See* ECF #6-4 at 11, Pg. ID 196.) Martin was notified of the settlement on July 28, 2014. (*See id.*) Martin, however, rejected the settlement. (*See id.* at 10, Pg. ID 195.) He appealed the UAW's decision not to pursue arbitration through the UAW's internal appeals process. The UAW's Internal Executive Board (the "IEB") denied Martin's appeal on April 30, 2015. (*See id.* at 1, Pg. ID 186.) An attachment to the denial informed Martin that "[t]here is *no* reinstatement of grievance letter of understanding between the parties [to the CBA]." (*Id.* at 14, Pg. ID 199; emphasis in original.)

Martin then appealed the IEB's decision to the UAW's Public Review Board, and that board affirmed the IEB on September 29, 2015. (*See* ECF #6-5 at 1, Pg. ID 205.)

Martin filed his Complaint in this Court on February 3, 2016. (*See* ECF #1.)

On February 24, 2016, AK Steel filed a motion to dismiss Martin's Complaint (the "Motion") on the basis that it was barred by the applicable six-month statute of limitations. (*See* ECF ## 6, 7.) AK Steel argued that the six-

month period began to run after the UAW notified Martin on July 28, 2014 that his grievance had been settled, and that Martin's claim – filed roughly eighteen months later – is untimely.  (*See* Br. in Support of Motion at 5, ECF #7 at 9, Pg. ID 228.)  In response, Martin argued, in effect, that the limitations period for his claim against AK Steel was tolled until he completed the UAW's internal appeals process.  (Pl.'s Resp. Br., ECF #14 at 6, 8-10, Pg. ID 249, 251-52.)

On May 31, 2016, the assigned Magistrate Judge issued a Report and Recommendation (the "R&R") recommending that the Court grant the Motion.  (*See* ECF #21.)  The Magistrate Judge determined that Martin's claim against AK Steel is barred by Section 301's six-month statute of limitations.  (*See id.* at 7, Pg. ID 550.)  The Magistrate Judge carefully reviewed the controlling decisions from the United States Court of Appeals for the Sixth Circuit and determined that the limitations period for Martin's claim against AK Steel was not tolled during Martin's participation in the UAW's internal appeals process because that process could not have resulted in any relief against AK Steel.  (*See id.* at 4-8, Pg. ID 547-51.)

Martin filed a timely objection to the R&R (the "Objection").  (ECF #22.) In the Objection, he insists that he has a viable claim on the merits against AK Steel.  But he does not even attempt to show any error in the Magistrate Judge's conclusion that his claim against AK Steel is time-barred.  And the Court, having

3

reviewed the Sixth Circuit decisions cited by the Magistrate Judge, sees no error in that conclusion.  Accordingly, Martin's Objection is overruled.

## CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that the Magistrate Judge's R&R (ECF #21) is **ADOPTED**, Martin's Objection to the R&R (ECF #22) is **OVERRULED**, AK Steel's Motion (ECF #6) is **GRANTED**, and Martin's claims against AK Steel are **DISMISSED**.

/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  July 8, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 8, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113